Mackie Mae McFEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17631.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1972.

ing an improper prior conviction and because of improper argument concerning said conviction. Inasmuch as the defendants were tried together, we are of the opinion that the defendant was likewise prejudiced. The judgment and sentence is reversed and remanded.

BRETT, J., concurs.

Michial Doyle **ROBERTSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17616.

Court of Criminal Appeals of Oklahoma.

Nov. 28, 1972.

Jo Ann Fisher Corrigan, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge.

Appellant, Mackie Mae McFee hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Robbery With Firearms. Her punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant was tried with Co-defendant Maurice Sparks. We do not deem it necessary to recite the statement of facts in that the same are set forth in Sparks v. State, Okl.Cr., 503 P.2d 890.

For the defense, in *Sparks,* supra, we held that the cause must be reversed because of the admission of evidence concern-